FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

2012 MAR 19 PM 3: 13

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

CASE NO.

VANESSA MORRIS,

    Plaintiff,

v.

2:12-cv-162-FtM-29DNF

EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX, INC., and
PROFESSIONAL ADJUSTMENT CORPORATION
OF SOUTHWEST FLORIDA, INC.,

    Defendants.
_____/

## COMPLAINT

1. This is an action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff, VANESSA MORRIS ("Plaintiff"), is an individual and natural person who at all relevant times resided in the State of Florida and Lee County.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

6. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), is a for profit foreign corporation authorized to do business in the State of Florida, County of Lee, and is engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of reporting or furnishing consumer reports to third parties.

7. Experian uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

8. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9. Defendant, EQUIFAX, INC. (Equifax"), is a for profit foreign corporation authorized to do business in the State of Florida, County of Lee, and is engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of reporting or furnishing consumer reports to third parties.

10. Equifax uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

11. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

12. Defendant, PROFESSIONAL ADJUSTMENT CORPORATION OF SOUTHWEST FLORIDA, INC. ("Professional Adjustment") is a for profit corporation authorized to do business in the State of Florida, County of Lee., and is a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.     Professional Adjustment uses a means or facility of interstate commerce for the purpose of furnishing information to consumer reporting agencies.

14.     Professional Adjustment is a "person" as defined by 15 U.S.C. § 1681a(c).

15.     Professional Adjustment uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

16.     Professional Adjustment is a "debt collector" as defined by U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt once owed or due, or asserted to be once owed or due a creditor other than Professional Adjustment.

18.     Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

19.     In or about September 2010, Plaintiff discovered a negative entry on her Equifax and Experian credit report reported by Defendant Professional Adjustment in the amount of $572.00 for a debt allegedly owed to Lee County Emergency Services.

20.     In or about October 9, 2010, Plaintiff sent letter to Defendant Professional Adjustment requesting validation of the alleged Lee County Emergency Services debt and disputing the same with Professional Adjustment. (attached hereto as, Exhibit "A")

21.     Defendant Professional Adjustment did not respond to the request for validation.

22.     Plaintiff never received services from, or contract for services with, Lee County Emergency Service.

23. Plaintiff subsequently discovered that Defendant Professional Adjustment was reporting to her credit another debt in the amount of $1,250.00 allegedly owed by Plaintiff to Ft. Meyers Utilities on Plaintiff's Experian credit report.

24. Plaintiff is not aware of any debts owed to or any company called Ft. Meyers Utilities.

25. Having received no response to her October 9, 2010 dispute letter from Defendant Professional Adjustment, Plaintiff sent Defendant Experian and Defendant Equifax letters disputing the two above-mentioned entries on her credit report from Defendant Professional Adjustment, explaining that the debts were not owed by her, and asking that it be removed from her credit report. (See dispute letter to Experian, attached hereto as Exhibit "B");

26. Upon information and good-faith belief, Defendant Equifax and Defendant Experian forwarded the dispute letter to Defendant Professional Adjustment.

27. Neither Defendant Experian, Defendant Equifax, nor Defendant Professional Adjustment removed the debts from Plaintiff's credit report. (See Experian and Equifax Dispute Results, attached hereto as Exhibit "C")

28. In or about August 2011, Plaintiff again disputed the debt with Defendant Equifax, Defendant Experian, and Defendant Professional Adjustment.

29. On or about September 21, 2011 Plaintiff received correspondence from Experian refusing to reinvestigate the dispute. (See correspondence from Experian, attached hereto as Exhibit "D").

30. On or about January 3, 2012, Plaintiff received correspondence from Equifax, which indicated that Equifax had verified that the disputed debt belonged to Plaintiff. (See Equifax Dispute Results, attached hereto as Exhibit "E").

31. Upon information and good-faith belief, Defendant Equifax forwarded the dispute letter to Defendant Professional Adjustment.

32. Defendant Experian, Defendant Equifax and Defendant Professional Adjustment continue to report the alleged debts on Plaintiff's credit reports.

## COUNT I
## VIOLATIONS OF § 1681e(b) OF FCRA
## AGAINST DEFENDANT EQUIFAX

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

34. Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

35. As a result of this conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

36. Defendant Equifax's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant Equifax violated 15 U.S.C. § 1681e(b);

   b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

   c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF § 1681i OF FCRA
## AGAINST DEFENDANT EQUIFAX

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

38. Defendant Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

39. As a result of this conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

40. Defendant Equifax's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant Equifax violated 15 U.S.C. § 1681i;

b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

    e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF § 1681e(b) OF FCRA
## AGAINST DEFENDANT EXPERIAN

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

42. Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

43. As a result of this conduct, action, and inaction of Defendant Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

44. Defendant Experian's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant Experian violated 15 U.S.C. § 1681e(b);

    b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

    c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

    d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

    e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF § 1692i OF FCRA
## AGAINST DEFENDANT EXPERIAN

45. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

46. Defendant Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

47. As a result of this conduct, actions, and inaction of Defendant Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

48. Defendant Experian's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant Experian violated 15 U.S.C. § 1681i;

b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATIONS OF § 1681s-2(b) OF FCRA
## AGAINST DEFENDANT PROFESSIONAL ADJUSTMENT

49. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

50. Defendant Professional Adjustment violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to credit reporting agencies, and by failing to review all relevant information about same, by failing to accurately respond to Equifax and Experian.

51. As a result of this conduct, action, and inaction of Defendant Professional Adjustment, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

52. Defendant Professional Adjustment's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant Experian violated 15 U.S.C. § 1681i;

b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATIONS OF § 1692e(8) OF THE FDCPA
## AGAINST DEFENDANT PROFESSIONAL ADJUSTMENT

53. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

54. Defendant Professional Adjustment violated 15 U.S.C. § 1692e(8) by communicating, in connection with an alleged debt in default, credit information that it knew, or should have known, to be false.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant Professional Adjustment violated 15 U.S.C. § 1692e(8);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATIONS OF § 1692e(10) OF THE FDCPA
## AGAINST DEFENDANT PROFESSIONAL ADJUSTMENT

52. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

53. Defendant Professional Adjustment violated 15 U.S.C. § 1692e(10) by using false representations and/or deceptive means in connection with the collection of an alleged debt in default.

54. As a result of Defendant Professional Adjustment's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant Professional Adjustment violated 15 U.S.C. § 1692e(8);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

55. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 17th day of ~~February~~ March, 2012.

Respectfully submitted,
**VANESSA MORRIS**

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com